**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Samyeil Bernard Barber, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 5:12-cv-02177-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Robert M. Stevenson, III, Warden of | ) | |
| Broad River Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Samyeil Bernard Barber ("Petitioner"), a state prisoner who is represented by counsel, filed a Petition for a Writ of Habeas Corpus [Dkt. No. 1] under 28 U.S.C. § 2254 on the grounds of an alleged due process violation and the alleged ineffective assistance of his trial counsel. *Id.* at 5, 7; [Dkt. No. 37 at 15, 17]. Respondent Robert M. Stevenson, III ("Respondent") moved for summary judgment on Petitioner's claims. [Dkt. No. 22]. The Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 37], filed on June 11, 2013, recommends that Respondent's Motion for Summary Judgment be granted.

Upon review of the Magistrate Judge's Report and Recommendation, the record, the applicable law and both parties' briefs, the court **ACCEPTS** the Magistrate Judge's Report and **DISMISSES** Petitioner's habeas corpus petition.

**STANDARD OF REVIEW**

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423

U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue.  *See id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are

irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate. The court adopts this summary as its own, and only references facts pertinent to the analysis of Petitioner's objections. The relevant facts, viewed in a light most favorable to Petitioner, are as follows.

In 2005, Petitioner was indicted by a grand jury for first degree burglary, armed robbery, attempted armed robbery, possession of a firearm during the commission of a violent crime, possession of a pistol by a person under the age of twenty-one, criminal conspiracy, assault and battery with the intent to kill, and murder. [Dkt. No. 37 at 1-2]. Petitioner claims the theory of accomplice liability was not advanced in the indictment, and alleges that evidence sufficient to support a theory of accomplice liability was not adduced at trial. [Dkt. No. 1 at 3]. Petitioner also contends the felony murder rule did not apply to his case. [*See* Dkt. No. 34 at 9].

At trial, the Solicitor made the following statement in the State's closing argument:

> Now one other thing I need to tell you about, because along with malice here is the *felony murder rule*. Now, what is that? We haven't discussed that yet and the judge will deal with that a little bit. He won't call it quite that. *He'll deal with that under accomplice liability*, which I'll also go over in a minute, but that's when two or more commit an unlawful act, a felony in this case, and I'll make it easy. All the charges the defendant is charged with are felonies. So when a group of people come together and start to commit an unlawful act and that's what their purpose is, during that a murder is committed as a probable or natural consequence of the unlawful act….When that's the case[,] all who are present and participating in the unlawful act are guilty of murder and you can infer malice by that. And along those lines the judge will charge you, as I said, to accomplice liability, the act of one is the act of all.

[Dkt. No. 19-3 at 125-26] (emphasis added). Petitioner's counsel did not object to the Solicitor's alleged improper remark about felony murder. [Dkt. No. 37 at 17-18]. The trial judge gave

instructions on accomplice liability, [Dkt. No. 19-4 at 13-15], over the objections of Petitioner's counsel. [Dkt. No. 44 at 2-3]. Petitioner's objection was not that the trial judge's instructions on accomplice liability were substantively incorrect, but instead Petitioner contended that no instruction on accomplice liability was warranted at all. [Dkt. No. 19-4 at 13-15]. On November 20, 2005, the jury convicted Petitioner on all the counts in the indictment. [Dkt. No. 19-4 at 27].

Petitioner filed an application for post-conviction relief on September 25, 2007. [Dkt. No. 37 at 2]. On October 28, 2008, a hearing was held before a PCR court regarding Petitioner's claim of ineffective assistance of counsel due to his trial counsels' alleged failure to object to the Solicitor's reference to felony murder in the State's closing argument. *Id.* at 2. The PCR court also considered Petitioner's request for a belated direct appeal of his trial conviction. *Id.* at 7. On December 5, 2008, the PCR court issued an order finding that Petitioner failed to make the requisite showing of prejudice for his ineffectiveness claim. *Id.* at 5; [Dkt. No. 20-4 at 19-30]. The PCR court concluded that the trial judge properly instructed the jury on malice and accomplice liability which corrected any misstatement of the law by the Solicitor. [Dkt. No. 20-4 at 28]. The PCR court granted Petitioner the right to petition for a writ of certiorari for a belated review of the direct appeal and for the review of any remaining PCR concerns.[1] *Id.* at 30.

In his petition for a writ of certiorari filed October 21, 2009 in the South Carolina Supreme Court, Petitioner renewed his PCR claim of ineffective assistance of counsel and Petitioner requested that the court find that he was entitled to a belated direct appeal. [Dkt. No.

---

[1] South Carolina Appellate Court Rule 243(i) provides that when the PCR court grants the right to petition for a writ of certiorari, by finding that the petitioner did not knowingly and intelligently waive his right to a direct appeal, the petition shall raise the issue of whether the PCR court correctly made that determination. Rule 243(i), SCACR. The petition should also include all other post-conviction issues the petitioner seeks to appeal. *Id.*

21-1 at 1-13]. Petitioner also submitted a brief addressing his direct appeal claim that the trial court improperly instructed the jury on accomplice liability. [Dkt. No. 21-5]. On March 2, 2011, the South Carolina Supreme Court denied Petitioner's petition as to his PCR ineffective assistance of counsel claim and granted a writ of certiorari as to his direct appeal claim of improper jury instructions on accomplice liability. [Dkt. No. 21-6]. A hearing was held May 3, 2011, on whether the trial court's jury charge on accomplice liability was unsupported by the evidence at trial. [Dkt. No. 21-7 at 1-2].

On June 27, 2011, the South Carolina Supreme Court issued an order which found that the trial judge's jury instructions on accomplice liability were properly supported by the evidence presented at trial. [Dkt. No. 21-7]. The opinion stated as follows:

> We find evidence to support the conclusion that Barber was acting with the other men during the robbery. Because all of the men clothed themselves all in black and wrapped shirts around their heads so only their eyes were visible, the witnesses could only describe and differentiate the men based on physical build, height, and the weapon carried. Kimbrell, Kiser, and Walker, however, all testified to substantially the same version of the planning and execution of the robbery – that Barber was involved and was the shooter.
>
> The evidence presented at trial could also support a finding that one of the other robbers was the shooter. The State presented evidence that Kiser was the shortest of the three men and carried the rifle, Barber was of middle height and carried a semi-automatic handgun, and Walker was the tallest and carried no weapon. However, defense counsel elicited testimony that all three robbers were armed – one with a rifle and two with .380 handguns, the type [sic] weapon forensic experts testified fired all the shots in Heintz's home that evening. Defense counsel's cross of Coleman Robinson, the witness who had been sleeping on the couch when the robbery began, indicates all three men were armed[.]
>
> Further, defense counsel outright argued that Walker was armed with a .380, the type of gun that fired the shots at Heintz's house, suggesting that Walker was the shooter. Thus, the testimony offered at trial indicating there may have been two robbers armed with handguns is sufficient to warrant the jury charge.

*Id.* at 3-5.

5

Petitioner petitioned for a rehearing on July 12, 2011 seeking to clarify his argument. [Dkt. No. 21-8]. Petitioner contended that regardless of the evidence adduced at trial, the State's decision to change its course by inserting an accomplice liability theory into the case where it had not been alleged in the indictment amounted to a broadening of the theory of guilt beyond that for which the Petitioner was on notice. *Id.* at 4. Petitioner also emphasized that the theory of accomplice liability was inconsistent with the State's evidence. *Id.* The South Carolina Supreme Court denied Petitioner's petition for rehearing on August 5, 2011.

Petitioner filed the instant habeas petition on August 2, 2012. [Dkt. No. 1]. Petitioner states two grounds for habeas relief. First, he claims that his due process rights were violated by jury instructions on accomplice liability since he allegedly was not notified by the indictment that he was being charged under a theory of accomplice liability. [Dkt. No. 44 at 3]. Petitioner also asserts a due process violation due to the alleged lack of evidence in support of the accomplice liability jury instructions. [Dkt. No. 37 at 15-16]. As a second ground of the petition, Petitioner claims ineffective assistance of his trial counsel for their alleged failure to object to the Solicitor's reference to felony murder in the State's closing argument. [Dkt. No. 1-2 at 1-2].

The Magistrate Judge found that Petitioner's due process claim is procedurally barred from federal habeas review due to his failure to raise the argument in the state courts. *Id.* at 16. The Magistrate Judge also found that Petitioner has not shown sufficient cause and prejudice to excuse his default. *Id.* at 17. For ground two of the petition, the Magistrate Judge determined that the PCR court's finding that Petitioner failed to show prejudice from his trial counsels' error was not unreasonable.

## DISCUSSION

Petitioner timely filed objections to the Magistrate Judge's Report and Recommendation. [Dkt. No. 44]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner raises two objections. First, Petitioner objects to the Magistrate Judge's finding that his due process claim was procedurally defaulted. [Dkt. No. 44 at 1-4]. Second, Petitioner objects to the Magistrate Judge's determination that it was not unreasonable for the PCR court to find Petitioner failed to meet his burden of showing prejudice from his trial counsels' error. *Id.* at 4-6.

**Due Process Claim**

In the Report, the Magistrate Judge found that ground one of Petitioner's habeas petition is procedurally barred from review by this court because Petitioner did not assert the due process claim in his state PCR proceedings and the state courts did not rule on the issue. [Dkt. No. 37 at 16]. Petitioner objects to this finding, and asks the court to infer a due process argument from statements that were made before the state courts. [Dkt. No. 44 at 3]. Petitioner asserts that his trial counsel argued that the accomplice liability instructions broadened the charges against him. *Id.* In doing so, Petitioner contends his counsel argued a well-established principle that jury instructions which diminish the state's burden of proof violate due process. *Id.* (citing *Patterson v. New York*, 432 U.S. 197 (1997)).

An order for a writ of habeas corpus shall not be granted to a state prisoner unless he has fairly presented his federal claim to the state courts. 28 U.S.C. § 2254 (b-c); *Baldwin v. Reese,* 541 U.S. 27, 29 (2004). The petitioner has the burden of demonstrating fair presentation. *Jones v. Sussex I State Prison,* 591 F.3d 707, 713 (4th Cir. 2010). While "it is not necessary to cite book and verse on the federal constitution", the federal claim must be evident from the petitioner's arguments. *Id.* (quoting *West v. Wright,* 931 F.2d 262, 266 (4th Cir. 1991), *rev'd on other grounds,* 505 U.S. 277 (1992)). Specifically, the petitioner is obligated to assert both the "operative facts" and the "controlling legal principles" of his claim. *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir. 1997).

Here, Petitioner argues that despite not employing the magic words "due process" in his objection at trial, the due process nature of his claim was evident. [Dkt. No. 44 at 2-3]. Petitioner emphasizes the following portion of the objection at trial:

> The State's indictment, which they presented to the Grand Jury and which puts the Defendant on notice as to what he needs to prepare a defense to and the allegations that are being made against him is that Sammyeil Barber did in York County on May 15th, 2005 with malice aforethought kill Eastwood Alan Heintz by means of shooting the victim with a firearm…what's conspicuously lacking in this indictment language is any mention of or that Sammyeil Barber did unite, conspire, confederate, aid, abet, join in with others to rob Mr. Heintz and the ultimate result of that robbery resulted in the shooting and murder of Mr. Heintz.

*Id.* at 2. The relevant question is whether the South Carolina courts have had a fair opportunity to consider Petitioner's due process claim and to remedy the alleged defect of Petitioner's conviction. *Picard v. Connor,* 404 U.S. 270, 276 (1971). The Fourth Circuit has explained, "A statement of facts sufficient to support a constitutional claim without reference to the legal basis for that claim is not sufficient" to constitute fair presentation in the state courts. *Gray v. Netherland,* 99 F.3d 158, 162 (4th Cir. 1996). Additionally, the Fourth Circuit has instructed

that to fairly present a due process claim, "it is incumbent upon a habeas petitioner to refer to the particular analysis developed in cases and not just to due process in general in order to present his claim". *Id.* (internal quotations omitted) (citation omitted).

The court finds that even if it assumes, without deciding, that Petitioner has preserved his due process claim by fairly presenting it in the state courts, the claim is without merit.[2] Federal habeas review is conducted pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In order to grant relief under the AEDPA, the federal court must find that the underlying state court proceeding: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2). The court must also assume that the factual determinations made by the state court are correct unless the petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner asserts that his indictment, which charged him with murder, among other crimes, did not notify him that he would be prosecuted under a theory of accomplice liability. [Dkt. No. 44 at 3]. However, under South Carolina law, it is "well-settled that a defendant may be convicted on a theory of accomplice liability pursuant to an indictment charging him only with the principal offense." *State v. Dickman,* 341 S.C. 293, 295, 534 S.E.2d 268, 269 (2000). For that reason, Petitioner's notice was presumed despite the absence of an explicit reference to accomplice liability in his indictment. Thus, this court does not find that the state court's refusal

---

[2] The court addresses Petitioner's due process claim on the merits pursuant to 28 U.S.C. 2254(b)(2) which states, "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *Id.*

to grant relief on this issue was an objectively unreasonable application of the facts or law.

Petitioner further contends that the evidence adduced at trial by the State was inconsistent with the accomplice liability jury instruction.[3] [Dkt. No. 37 at 15-16]. Petitioner seems to argue that the trial judge should not consider evidence elicited through cross examination of prosecution witnesses in determining whether the record supports an accomplice liability instruction. This argument is misguided because the trial judge determines the law to be charged from *all* the evidence presented. *State v. Knoten,* 347 S.C. 296, 302, 555 S.E.2d 391, 392 (2001). Evidence obtained from cross examination is included as part of this consideration. The South Carolina Supreme Court thoroughly detailed the evidence supporting the charge of accomplice liability at Petitioner's trial. [Dkt. No. 21-7 at 3-5]. The court finds the South Carolina Supreme Court's analysis of the record was reasonable.

Therefore, the court accepts the recommendation of the Magistrate Judge and dismisses ground one of Petitioner's petition.

**State Court's Denial of Ineffective Assistance of Counsel Claim**

The Magistrate Judge found that it was not unreasonable for the PCR court to conclude that Petitioner failed to meet his burden of showing prejudice from trial counsels' alleged failure to object to the Solicitor's felony murder reference during his closing argument. [Dkt. No. 37 at 19]. Petitioner objects with several arguments intended to demonstrate prejudice. Petitioner emphasizes that the jury deliberations lasted for roughly four and a half hours. [Dkt. No. 44 at 5]. After an hour and a half, the jury asked to re-hear the testimony of two witnesses. *Id.* Shortly thereafter, the jury requested that the trial judge re-instruct on accomplice liability. *Id.*

---

[3] The State was the only party to present testimony or evidence at Petitioner's trial with the exception of one joint stipulation. [*See* Dkt. No. 19-3 at 111, 122]. Thus, the State's case constituted nearly all of the trial record.

Following this explanation, the jury deliberated for another hour and a half before reaching a verdict. *Id.* Petitioner asserts that the behavior of the jury demonstrates the jury was confused about the application of accomplice liability principles to the facts of Petitioner's case. *Id.* Petitioner contends there is a strong possibility that the Solicitor's felony murder statement infected the verdict, and that in the absence of the statement, the jury verdict would have likely been different. *Id.* at 5-6.

The United States Supreme Court has explained, "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In addition to showing his counsel's representation "fell below an objective standard of reasonableness", a defendant must also show "that the deficient performance prejudiced the defense." *Id.* at 687-88. In other words, he must prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The PCR court's conclusion that Petitioner has not sufficiently demonstrated prejudice was not unreasonable based on the relevant facts and law. The Solicitor's alleged misstatement constituted a very small portion of his closing argument. [*See* Dkt. No. 19-3 at 125-26; Dkt. No. 35 at 7-8]. In his statement, the Solicitor directed the jury to follow the instructions that would later be given by the trial judge. [Dkt. No. 19-3 at 125-26; Dkt. No. 35 at 9]. And the trial judge charged the jury properly on accomplice liability and did not reference felony murder in his instructions. [Dkt. No. 19-4 at 13-15]. Thus, the court concludes the state court's determination that Petitioner failed to demonstrate prejudice was reasonable. *See McHone v. Polk,* 392 F.3d 691, 708 (4th Cir. 2004) (finding no prejudice for counsel's failure to object to incorrect

statement in the state's closing argument regarding the burden of proof for an affirmative defense where the trial judge later instructed the jury properly).

## CONCLUSION

Upon a careful consideration of the record before the court, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.  It is hereby **ORDERED** that Respondent's Motion for Summary Judgment [Dkt. No. 22] is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus [Dkt. No. 1] is **DISMISSED** with prejudice.

## <u>Certificate of Appealability</u>

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

_J. Michelle Childs_

United States District Judge

September 20, 2013
Greenville, South Carolina